# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MATTHEW ROUNDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 15-0724-CV-W-GAF-P |
| | ) |
| TOM VILLMER, | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Farmington Correctional Center in Farmington, Missouri has filed *pro se* this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2011 conviction and 2012 sentence for second-degree statutory sodomy, which was entered in the Circuit Court of DeKalb County, Missouri, pursuant to a plea of guilty. Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 24.035 was denied after an evidentiary hearing (Doc. 10-1, pp. 73-77) and that denial was affirmed on appeal therefrom (Doc. 10-6).

### Statement of Facts

In affirming the denial of post-conviction relief, the Missouri Court of Appeals, Western District, set forth the following facts:

> Rounds pleaded guilty to one count of second degree statutory sodomy. The circuit court accepted the plea and requested a Sentencing Assessment Report ("SAR") prior to sentencing. After hearing evidence and taking judicial notice of the SAR, the circuit court sentenced Rounds to the maximum seven-year term of imprisonment.
>
> Rounds filed a timely *pro se* Rule 24.035 motion for post-conviction relief . . . .

> . . . . Rounds asserted that the SAR inaccurately characterized his involvement in a similar crime based on his 1995 arrest on a "sexual assault" charge that was ultimately dismissed. Rounds said that his plea counsel should have explained that the incident involved a consensual sexual relationship that occurred when he was a teenager. He also stated that plea counsel failed to emphasize test results in the SAR which indicated that Rounds had a moderate/low risk of offending. Finally, Rounds said his plea counsel should have argued that Rounds had various physical disabilities that would make life in prison "very hard."

Doc. 10-6, pp. 3-4.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is Petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because Petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## Discussion

Petitioner raises the following grounds for relief: (1)(a) Petitioner's guilty plea was coerced by plea counsel; (1)(b) plea counsel was ineffective "for failing to protect [Petitioner's] rights;" (1)(c) plea counsel was ineffective for failing to argue mitigating factors; (2) DeKalb County Deputies extorted money from Petitioner and filed false statements with the Division of Family Services while Petitioner was confined in the DeKalb County Jail; and (3) Petitioner's constitutional rights were violated because he could not present evidence of his innocence at his

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2

guilty plea hearing. Doc. 1, pp. 5-8. Respondent argues that Ground 1(c) is without merit and that Grounds 1(a)-(b), 2, and 3 are procedurally defaulted. Doc. 10, pp. 2-9.

### *I. Grounds 1(a)-(b), 2, and 3 are procedurally defaulted.*

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan,* 54 F.3d at 1381.

Petitioner raised Grounds 1(a) and 1(b) in his post-conviction motion but failed to raise them in his post-conviction appeal. Doc. 10-1, pp. 50-59; Doc. 10-4. Petitioner failed to raise Grounds 2 and 3 in his amended post-conviction motion and in his post-conviction appeal. Doc. 10-1, pp. 50-59. As a result, Grounds 1(a), 1(b), 2, and 3 are procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri Courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under the cause and prejudice test, cause "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id*. at 753 (emphasis in original).

3

In his reply, Petitioner states that he "was not allowed to raise these claims during post-conviction appeal. . .[because] Appellate Attorney Kate Webber handled the [a]ppeal and was provided with all grounds raised before this High Court and refused to present it to the appellate court." Doc. 12, p. 1. Petitioner appears to be attempting to demonstrate cause and prejudice due to post-conviction counsel's ineffective assistance under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Originally, in *Coleman, supra*, the United States Supreme Court held that, because there is no constitutional right to counsel in a state post-conviction proceeding, an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default. *Coleman*, 501 U.S. at 752-54. In *Martinez*, however, the Court recognized a "narrow exception" to *Coleman* by holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315 (alteration added).

Petitioner cannot use *Martinez* to excuse the procedural default of Grounds 1(a) and 1(b) because these grounds were raised in Petitioner's amended post-conviction motion and defaulted in his post-conviction appeal. The *Martinez* Court clearly held that its holding did not "concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . .". *Martinez*, 132 S. Ct. at 1320. Accordingly, the United States Court of Appeals for the Eighth Circuit has held that "*Martinez* offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). The *Arnold* Court explained that, because "Arnold's multiple ineffective assistance claims were litigated in his initial-review collateral proceeding, but not preserved on appeal . . . Arnold has already has his day in court; deprivation of a second day does not constitute cause." *Id*.

4

Case 4:15-cv-00724-GAF   Document 13   Filed 01/25/16   Page 4 of 10

Like the petitioner in *Arnold*, Petitioner raised Grounds 1(a) and 1(b) in his initial-review collateral proceeding and cannot use *Martinez* to excuse the procedural default of these claims on post-conviction appeal. As a result, Plaintiff fails to set forth cause for the procedural default of Grounds 1(a) and 1(b).

Petitioner also cannot use *Martinez* to excuse the procedural default of Grounds 2 and 3 because they are not claims of ineffective assistance of trial or plea counsel. The United States Court of Appeals for the Eighth Circuit has specifically declined to extend the narrow exception in *Martinez* to claims alleging ineffective assistance of appellate counsel or trial court error. *See Dansby v. Hobbs*, 766 F.3d 809, 833-34 (8th Cir. 2014). The *Dansby* Court reasoned that "there is no logical necessity to expand *Martinez* from the ineffectiveness claim itself to the underlying claims" because "[a]s a practical matter, a petitioner in federal habeas needs only one winning claim to gain relief – if he's got a winning ineffectiveness claim he doesn't need another." *Id*. at 833-34 (internal quotation omitted). Accordingly, because Petitioner does not articulate Grounds 2 and 3 as claims of ineffective assistance of plea counsel, *Martinez* cannot excuse the procedural default of those grounds.

It is possible that Petitioner intended to articulate Grounds 2 and 3 as claims of ineffective assistance of plea counsel. Nevertheless, even if Grounds 2 and 3 could be construed as claims of ineffective assistance of plea counsel, Petitioner would still fail to establish cause under *Martinez*. To excuse the procedural default of a claim of ineffective assistance of plea counsel under *Martinez*, a petitioner must establish that either (1) "the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial," or (2) appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)." *Martinez*, 132 S. Ct. at

5

1317. To satisfy the second circumstance, "the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004) (citing *Strickland*, 466 U.S. at 687). Furthermore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the [underlying] claim has some merit." *Martinez*, 132 S. Ct. at 1318

Petitioner fails to satisfy the foregoing standard. The record of Petitioner's post-conviction proceedings, including Petitioner's amended post-conviction motion, establishes that post-conviction counsel performed a full review of Petitioner's case and was familiar with the evidence presented at trial and the relevant legal issues. Doc. 10-1, pp. 48-69. Accordingly, Petitioner fails to establish that post-conviction counsel's decision to raise certain issues in the amended post-conviction motion and omit others was not a reasonable exercise of professional judgment. Furthermore, Petitioner fails to establish that the claims underlying Grounds 2 and 3 are "substantial" claims of ineffective assistance of plea counsel. In light of the presumption that post-conviction counsel acted reasonably, Petitioner fails to show that post-conviction counsel provided ineffective assistance under *Strickland* by not asserting Grounds 2 and 3 in his amended post-conviction motion. Consequently, Plaintiff fails to set forth cause for the procedural default of Grounds 2 and 3.

In sum, Petitioner fails to assert cause for the procedural default of Grounds 1(a), 1(b), 2, and 3. Petitioner fails also to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (Petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice

6

exception), *cert. denied,* 549 U.S. 1036 (2006).  As a result, Grounds 1(a), 1(b), 2, and 3 are procedurally defaulted and will be denied.

### II. Ground 1(c) is without merit.

In Ground 1(c), Petitioner claims that during the sentencing phase, counsel was ineffective for failing argue mitigating factors.  Doc. 1, p. 5.  In order for Petitioner to successfully assert a claim for ineffective assistance of counsel, Petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him.  *Strickland*, 466 U.S. at 687-88.  "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689).  Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.

To satisfy the prejudice prong, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Id.* at 694.  This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in *Strickland*."  *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

The Missouri Court of Appeals, Western District, set forth the *Strickland* standard and denied Ground 1(c) as follows:

> We agree with the motion court that Rounds failed to prove his plea counsel's performance was deficient at sentencing. At the hearing on his Rule 24.035 motion, Rounds chose not to call his plea counsel as a witness to explain the defense strategy for sentencing. Instead, Rounds presented only self-serving

testimony that his plea counsel had no reasonable strategy for failing to present certain mitigating evidence. However, the motion court observed from the sentencing transcript that plea counsel argued for mitigation based on the fact that Rounds' guilty plea had spared the victim from testifying at trial. Rounds offered no evidence to overcome the presumption that plea counsel made a reasonable tactical decision to pursue this mitigation argument rather than focusing on prior allegations of sexual assault, his risk of re-offending, or his physical disabilities. *See Cole v. State*, 223 S.W.3d 927, 931-32 (Mo. App. 2007) (concluding that motion court was not presented with substantial evidence to rebut presumption of sound trial strategy when trial counsel did not testify and movant produced no other evidence).

Specifically with regard to his argument about the 1995 sexual assault charge, Rounds produced no competent evidence to prove the alleged innocent nature underlying his previous arrest or even that he made his attorney aware of such facts. At a post-conviction relief hearing, the motion court is free to believe or disbelieve the testimony of any witness, including that of the movant. *Wills v. State*, 321 S.W.3d 375, 380 (Mo. App. 2010). Thus, the motion court was not required to believe Round's testimony, and likely gave little weight to his explanation of the circumstances underlying his previous arrest, particularly in light of the SAR-which noted several instances in which Rounds was not forthcoming with answers to certain questions about his sexual history and attempted to minimize his behavior.

For the same reason, it was sound strategy for plea counsel to refrain from focusing on the details surrounding Rounds' previous arrest given the SAR's concern over Rounds' minimizing past behavior. Instead, plea counsel likely believed the more effective strategy was to combat testimony from the victim's family which suggested that Rounds lacked remorse for his crime. Accordingly, counsel emphasized that Rounds "was courageous enough to stand before the Court, [and] confess his wrong" in order to demonstrate that he had taken responsibility for his actions. Furthermore, counsel urged the court to give Rounds credit for the benefit that his decision to forgo trial would have upon the victim in sparing her from the difficult task of recounting the crime through testimony.

Rounds also argues that reasonably competent counsel would have argued that Rounds "had an objectively low risk for reoffending" by emphasizing his score on the Static 99, which indicated that he was in the "moderate/low risk category" for reoffending. This argument also fails to overcome the presumption that counsel acted reasonably, because it was likely plea counsel's sentencing strategy to *avoid* emphasizing Rounds' risk assessment score. The SAR noted that "[t]he offender's risk may be higher or lower than the probabilities estimated in the Static 99 depending on other risk factors not measured by this instrument." Considering those other risk factors, the reporting officer expressed concern that the Static 99 score "under-represents Rounds' risk [of reoffending] at this time."

8

> We cannot say that it was unreasonable strategy for counsel to avoid drawing attention to the SAR given the concerns cited therein about the reliability of the Static 99 test results.
>
> Finally, Rounds contends his plea counsel should have argued that Rounds suffered from various physical disabilities that would make life in prison difficult for him. We note, however, that this information was already before the court. In response to questioning at the plea hearing about his prescription medications, Rounds stated, "I have Parkinson's disease, and I've got several other issues with my heart and my chest…" Thus, the court was aware of Rounds' physical condition when it imposed its sentence. Failure to present cumulative evidence is not ineffective assistance of counsel. *Storey v. State*, 175 S.W.3d 116, 138 (Mo. banc 2005); *Bates v. State*, 421 S.W.3d 547, 554 (Mo. App. 2014).
>
> Even if Rounds could show any deficiency in his counsel's performance, there is no indication of prejudice. Because Rounds alleges error during sentencing, he must prove prejudice by showing that but for counsel's deficient performance, there is a reasonable probability that the court would have imposed a lesser sentence. *Dunlap*, 452 S.W.3d at 262. A reasonable probability is one sufficient to undermine the confidence in the outcome of the proceeding. *Deck*, 68 S.W.3d at 426.
>
> Here, the judge who sentenced Rounds was also the motion court judge who heard evidence that Rounds now complains was not presented at the sentencing hearing. The motion court specifically found that Rounds' claims "fail[ed] to show how he was prejudiced." Because the motion court was in a unique position to assess the mitigating value of the evidence in relation to sentencing (sic), we cannot say that the court erred in concluding that Rounds' (sic) was not prejudiced. *Wills*, 321 S.W.3d at 384 n.6.

Doc. 10-6, pp. 6-9.

In holding that Petitioner's claims of ineffective assistance of plea counsel did not merit post-conviction relief, the state appellate court identified and applied reasonably the *Strickland* standard. Doc. 10-6, pp. 5-9. Petitioner fails to establish that it was unreasonable for the state appellate court to find that plea counsel's failure to argue additional mitigating factors during the sentencing hearing was deficient or otherwise prejudiced the outcome of Petitioner's sentencing hearing. Insofar as the motion court found that Petitioner's self-serving testimony lacked credibility, credibility determinations are left for the state court to decide. *Graham*, 728 F.2d at

9

1540.

Because the state courts' determinations as to Ground 1(c) did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2), Ground 1(c) will be denied.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because Petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: January 25, 2016.